*In re* S.J., An Alleged Delinquent Minor (The People of the State of Illinois, Petitioner-Appellant, v. S.J., Respondent-Appellee).

Fifth District   No. 5—96—0577

Opinion filed September 4, 1997.

Stephen E. Norris and Kendra S. Mitchell, both of State's Attorneys Appellate Prosecutor's Office, of Mt. Vernon, for the People.

Daniel M. Kirwan and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE MAAG delivered the opinion of the court:

A petition for adjudication of wardship was filed concerning S.J., an alleged delinquent minor. S.J. filed a motion to dismiss alleging that the petition constituted double jeopardy in violation of the United States Constitution and the Illinois Constitution. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. The trial court agreed and the case was dismissed. The State appeals.

Factually, the following occurred. The petition for adjudication of wardship was filed on February 20, 1996, alleging that the minor, S.J., was delinquent in that he committed the offenses of aggravated assault and aggravated battery against the principal of Herrin High School on December 14, 1995. Specifically, the minor was accused of taking a swing with his fist at the principal and placing his hands around the principal's neck and squeezing. On June 24, 1996, the minor filed a motion to dismiss the petition for wardship on double jeopardy grounds. In support of his motion, the minor appended a letter dated December 20, 1995, from the Herrin Community Unit School District, which notified S.J.'s father of a hearing on January 8, 1996, and of the administration's intention to recommend that S.J. be expelled from school for his conduct that occurred on December 14, 1995. Also appended to S.J.'s motion to dismiss was the January 9, 1996, letter notifying the minor's father of the January 8, 1996, decision of the board of education to expel S.J. during the remainder of the 1995-96 school year and until the fall semester of 1997.

The trial court held a hearing on the minor's motion to dismiss. The court, following the hearing, noted that some of the language in the letters from the school board was "suspiciously legal," suggesting that the expulsion process was "at least a quasi-legal proceeding." The court found that the minor had already been "punished" by virtue of the school board's expulsion sanction. The court also held

that the board and the State's Attorney's office are both governmental entities operating in the same jurisdiction. On these grounds, the court found that proceeding on the delinquency petition would constitute double jeopardy, and the court dismissed the petition. We reverse and remand.

The single issue before this court is whether the trial court erred in dismissing the State's petition for adjudication of wardship on double jeopardy grounds.

S.J. relies upon *United States v. Halper*, 490 U.S. 435, 440, 104 L. Ed. 2d 487, 496, 109 S. Ct. 1892, 1897 (1989). He argues that, under *Halper*, double jeopardy includes three distinct situations: (1) prosecution for the same offense after acquittal; (2) prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. In addition, S.J. argues that this protection includes a prohibition against both a second punishment for the same offense and attempting a second punishment for the same offense.

The thrust of S.J.'s argument is that his expulsion was "punishment" within the meaning of the double jeopardy clause. He quotes in his brief the following statement from *Halper*: "[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." *Halper*, 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902. He therefore claims that the State is attempting to "punish" him twice for the same offense.

The State argues that school discipline and expulsion procedures are administrative, not judicial or quasi-judicial, proceedings, and the State cites *Betts v. Board of Education*, 466 F.2d 629, 633 (7th Cir. 1972). Moreover, the State argues, it is the purpose actually served by the sanction that must be evaluated, not the underlying nature of the proceeding leading to the sanction. *Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892. Finally, the State argues that double jeopardy does not require an inflexible test that classifies any sanction as punishment unless its sole purpose is remedial. If this were the case, the State argues, every sanction would be punishment for double jeopardy purposes, and the State cites *People v. Dvorak*, 276 Ill. App. 3d 544, 658 N.E.2d 869 (1995).

After considering the facts and arguments of counsel and the authorities cited, we conclude that the trial court erred. *Halper* holds, as quoted above, that a sanction is "punishment" for double jeopardy purposes if the sanction can *only* be explained as serving a retributive or deterrent purpose in addition to a remedial purpose, rather than solely a remedial purpose. We believe that the expulsion in

question can readily be explained in the context of a purpose that is solely remedial. If S.J. did what he is accused of, the child is a menace. He represents a danger to both the school administration/staff and the student body. No school district should be compelled to permit dangerous, violent persons on their premises, whether student or nonstudent. The exclusion of such persons is not punishment. It is the protection of others who have a right to work and be educated free from those who would harm them.

We express no view on whether S.J. did what he is accused of doing. We do note, however, that the school authorities found that he committed these acts. The mere fact that S.J. may *feel* he is being punished, or that he or others may be deterred from like conduct in the future, does not implicate constitutional double jeopardy principles under *Halper* or any other case of which we are aware. The expulsion, in truth, is sound policy and common sense.

For the foregoing reasons, the judgment of the circuit court dismissing the petition for adjudication of wardship is reversed, and the cause is remanded.

Reversed and remanded.

KUEHN, P.J., and WELCH, J., concur.